O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| FRANCISCA ORTIZ, | ) | Case No. CV 10-01507-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Francisca Ortiz seeks judicial review of the Social Security Commissioner's denial of her application for Supplemental Security Income ("SSI") benefits. For the reasons stated below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

**I.  Facts and Procedural Background**

Plaintiff was born on October 4, 1953. She has a sixth grade education and has work experience as a housekeeper, commercial cleaner and kitchen helper. (Administrative Record ("AR") 21, 76, 142, 146.) Plaintiff filed an application for SSI benefits on

September 30, 2005, alleging disability as of May 1, 2005, due to osteoarthritis and affective mood disorder. (AR 12, 76.)

Plaintiff's application was denied initially and upon reconsideration. (AR 77-82.) An administrative hearing was held February 11, 2008, before Administrative Law Judge ("ALJ") Kevin M. McCormick. (AR 51-75.) On October 11, 2008, ALJ Philip J. Simon convened a supplemental hearing. Plaintiff, represented by a non-attorney representative, testified, as did a medical expert and a vocational expert. (AR 24-50.)

ALJ Simon issued an unfavorable decision on November 4, 2008. (AR 9-23.) The ALJ found that Plaintiff suffered from the following severe impairments: a major depressive disorder, post-traumatic stress disorder, alcohol abuse, obesity, shoulder pain, moderate degenerative joint disease of the knees, and spurring and degenerative disc disease at multiple levels of the lumbar spine. (AR 15.) The ALJ further found that Plaintiff's impairments did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.) It was determined that Plaintiff was unable to perform her past relevant work but that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including dryer attendant, furniture cleaner, and assembler. (AR 21-23.) The ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. (Id.)

The Appeals Council denied review on January 5, 2010. (AR 1-4.) Plaintiff commenced this action on March 1, 2010, and on September 14, 2010, the parties filed a joint stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends: (1) the

Appeals Council failed to properly consider additional evidence regarding Plaintiff's mental limitations and (2) the ALJ failed to properly develop the record. (Joint Stp. 2.) Plaintiff asks the Court to reverse and order an award of benefits or, in the alternative, to remand for further proceedings. (Joint Stp. 12.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. 13.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//

**III. Discussion**

    **A.   The Appeals Council Properly Reviewed the Evidence**

Plaintiff contends that the Appeals Council failed to properly review newly submitted evidence regarding Plaintiff's mental limitations. (Joint Stp. 3.) In a "Medical Source Statement of Ability to Do Work-Related Activities," dated October 23, 2008, Plaintiff's psychiatrist, Dr. Victor Cheang, found significant limitations in Plaintiff's ability to do various work-related activities. (AR 345-46.) Plaintiff contends that this report "supports the severity of Plaintiff's mental impairment and the impact the mental limitations have on her ability to perform work-related activities." (Joint Stp. 6.)

Pursuant to 20 CFR § 404.970(b), the Appeals Council shall consider new and material evidence "if it relates to the period on or before the date of the administrative law judge hearing decision [and if it] finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence of record." In this case, the Appeals Council reviewed the new evidence in conformity with the regulations and found that it did not provide any reason to overturn the ALJ's decision. (AR 1-2.)

Dr. Cheang's two-page medical opinion, a "check the box" form, is conclusory and provides no clinical support or objective findings to support the identified limitations. (AR 345-46.) *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (an ALJ need not accord weight to unexplained "check-off reports"). Also, Dr. Cheang's opinion was not accompanied by a description of functional limitations caused by Plaintiff's mental impairment. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (finding no error where

the ALJ rejected treating physician's opinion that claimant was disabled due to physician's failure to specify functional limitations).

Plaintiff claims that Dr. Cheang's opinion is consistent with a one-page letter from her treating psychiatrist, Dr. Calleros. (Joint Stp. 4, citing AR 324.) However, the brief letter from Dr. Calleros to Plaintiff's representative, dated February 18, 2008, merely verifies that Plaintiff had been receiving counseling and psychiatric services at La Puente Valley Mental Health Center since July 20, 2005, that she was diagnosed with Major Depressive Disorder, and that she receives medication. (AR 324.) Notably, there is no discussion of any functional limitations caused by Plaintiff's depression. (Id.) As the ALJ noted in discussing this evidence, "[n]owhere in this letter does [Dr. Calleros] suggest or intimate that [Plaintiff's] psychiatric symptoms remain profound or debilitating." (AR 18, 324.) The mere fact that Plaintiff has been diagnosed with depression by both Dr. Cheang and Dr. Calleros does not alone support a finding of disability. *See Sample v. Schweiker*, 694 F.2d 639, 642-43 (9th Cir. 1982) (The "existence of emotional disorder ... is not *per se* disabling ... there must be proof of the impairment's disabling severity."). In addition, as discussed in more detail below, the scarcity of psychiatric records supporting Plaintiff's claimed limitations, as well as her sub-optimal effort on psychological tests designed to determine whether a patient is malingering, undermine the claimed severity of Plaintiff's mental impairment. (AR 15-18.)

The Appeals Council properly reviewed the newly submitted evidence and determined that it did not provide any reason for

5

overturning the ALJ's decision. Therefore, Plaintiff is not entitled to relief on this issue.

### B. The ALJ Properly Developed the Record

Plaintiff claims that the ALJ abrogated his duty to develop the record because he did not seek updated mental health treatment progress notes from La Puente Local Health Center, where Plaintiff was being seen by a counselor once a week and a psychiatrist once a month. (Joint Stp. 8.) During the administrative hearing, the following exchange occurred:

> Q: Ms. Ortiz, are you still being treated at La Puente Local Health Center?
>
> A: Yes.
>
> Q: When was the last time you were seen?
>
> A: Last week.
>
> Q: Okay, and you still see the psychiatrist once a month?
>
> A: The doctor every month and the counselor every week.
>
> ALJ: Okay, so we may need to have those updated then.
>
> Atty: Your Honor, the difficulty is it appears that they don't keep notes, and that was an issue earlier during the hearing. Maybe we can get a summary of her appointments.

(AR 30.)

A disability applicant bears the burden of proving disability and must provide medical evidence demonstrating the existence and severity of an alleged impairment. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(c). Nonetheless, an ALJ has a "duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel."

6

*Mayes*, 276 F.3d at 459. An ALJ's duty to augment an existing record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Id*. (citing *Tonapetyen v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).

Plaintiff argues that her statement that she was currently being seen by a therapist and psychiatrist triggered the ALJ's duty to develop the record. However, there were no ambiguous medical records or conflicting medical findings regarding the existence or severity of Plaintiff's mental impairments which would trigger the ALJ's duty to further develop the record. Rather, the medical evidence in the record was simply insufficient to support the alleged severity of Plaintiff's mental impairments. (AR 15-18.) As the ALJ noted, there was "almost a complete absence of psychiatric records after August 2005." (AR 16.) And of the medical records that Plaintiff did provide, none of them supported a finding that her mental impairments prevented her from working. (AR 262-300, 315-318, 324.) In fact, as noted by the ALJ, evidence in the record demonstrated overall improvement of Plaintiff's mental impairment. (AR 15-18, 262-300, 315-318.) This conclusion is also supported by Plaintiff's "sub-optimal effort on [a] test designed to ferret out malingering." (AR 16, 315-318.)

The ALJ had adequate evidence to evaluate Plaintiff's testimony regarding her mental impairments and did not abrogate his duty to develop the record. *See Orcutt v. Barnhart*, 2005 WL 2387702, at *4 (C.D.Cal. 2005) ("An ALJ does not fail in her duty to develop the record by not seeking evidence or ordering further examination or consultation regarding a physical or mental

7

impairment if no medical evidence indicates that such an impairment exists."). This is particularly so where Plaintiff's representative informs the Court that there are no records available from the treating source because notes are not taken. Plaintiff has failed to show that the evidence was ambiguous or that the record was inadequate to allow for proper evaluation of the evidence. The ALJ was under no obligation to further develop the record. *See Mayes*, 276 F.3d at 459-60.

## IV. Conclusion

For the reasons stated above, the decision of the Commissioner is affirmed.

Dated: September 17, 2010

_____
Marc L. Goldman
United States Magistrate Judge